## STATE EX REL. WILLIAM MURRAY v. E. F. KELLEY.[1]

March 28, 1918.

No. 20,860.

**Criminal law — exclusive jurisdiction of municipal court.**

> Where a criminal offense is committed within a city having a municipal court, the municipal court of another city has no jurisdiction of such offense, either for the purpose of trial or for the purpose of holding a preliminary examination.

Upon the relation of William Murray the district court for Polk county granted its writ of habeas corpus directed to the sheriff of that county. The matter was heard by Watts, J., who made findings and quashed the writ. From the order quashing the writ, relator appealed. Reversed.

*F. C. Massee,* for relator.

*G. A. Youngquist,* County Attorney, and *J. E. Montague,* Assistant County Attorney, for respondent.

TAYLOR, C.

The city of Crookston and the city of East Grand Forks are both in Polk county and both have a municipal court. The relator was arrested and taken into custody under a warrant issued by the municipal court of the city of Crookston for an offense alleged to have been committed in the city of East Grand Forks. He made a motion to dismiss the proceeding on the ground that the municipal court of Crookston had no jurisdiction of the offense. This motion was denied and he then procured

[1] Reported in 167 N. W. 110.

a writ of habeas corpus from the district court. The hearing in the district court resulted in an order quashing the writ and the relator appealed therefrom to this court.

Section 262, G. S. 1913, provides that in criminal matters municipal courts "shall have all the powers and jurisdiction * * * of courts of justices of the peace." Section 265 provides: "No justice of the peace shall have jurisdiction of offenses committed in any city or village wherein a municipal court is organized and existing, but all such offenses otherwise cognizable by a justice shall be examined and tried by such municipal court. * * * Said court shall have jurisdiction concurrently with the justices of all offenses committed elsewhere within the county."

Section 7619 defining the jurisdiction of justices of the peace in criminal matters contains a provision to the same effect. It is clear that under these statutes a justice of the peace has no jurisdiction of an offense committed within the city of East Grand Forks; and the municipal court of Crookston is given no other or different jurisdiction over criminal offenses committed outside the city of Crookston than is given to a justice of the peace of the county. State v. Dreger, 97 Minn. 221, 106 N. W. 904. It follows that the court had no jurisdiction of the offense charged against the relator.

Although the offense charged is a misdemeanor, the penalty is both a fine and imprisonment and the prosecution contends that the municipal court of Crookston had authority to hold an examination and bind the relator over to the district court even if the offense was committed beyond its jurisdiction. We are unable to concur in this view of the law. The authority of the judge of a municipal court to hold an examination where the offense was committed outside his own city is co-extensive with and no greater than that of a justice of the peace.

That a justice of the peace has no authority to hold such an examination where the offense was committed within a city having a municipal court is perhaps made clearer in section 7619, defining the jurisdiction of justices of the peace, than in the section from which we have already quoted. Section 7619 provides: "That no justices of the peace shall have jurisdiction of any offenses committed within the limits of any city or village wherein a municipal court is organized and existing, but such offenses, otherwise cognizable by justices of the peace * * * shall be ex-

*amined or tried* by the municipal court therein." By providing that justices of the peace shall have no jurisdiction of any offenses committed within such city, and that all such offenses shall be *examined or tried* by the municipal court therein, the legislature placed such offenses beyond the jurisdiction of such justices for either examination or trial, and likewise placed them beyond the jurisdiction of the municipal court of another city for either purpose.

The order appealed from is reversed.